UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

QUOC KINH CHAU,

Petitioner,

v. Case No.: 2:26-cv-00928-SPC-NPM

DIRECTOR, SOUTH FLORIDA DETENTION CENTER *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Quoc Kinh Chau's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5) and supplemental briefs (Docs. 9 and 11).

Chau is a native of Vietnam who was admitted into the United States on April 30, 1991. Following a conviction for attempted sexual battery on a child, an immigration judge ordered him removed to Vietnam on November 4, 1996. Chau was released under an order of supervision on September 21, 2004. On November 1, 2025, Immigration and Customs Enforcement ("ICE") arrested Chau at his home and revoked his order of supervision. Chau challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Chau's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively

reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Chau has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2004 and the more than two decades that followed. The burden thus shifts to the respondents, and they carry it. The Vietnamese Consulate issued Chau a passport on June 26, 2026, and he is scheduled for a charter flight to Vietname on July 28, 2026. The Court finds a significant likelihood Chau will be removed in the reasonably foreseeable future.

Accordingly, it is hereby

**ORDERED:**

Quoc Kinh Chau's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 23, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record